UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

YAMISLEIDIS FIGUEROA MORA,

    Plaintiff,

v.

BURLINGTON STORES, INC., a foreign corporation,

    Defendant.

## NOTICE OF REMOVAL

Defendant, BURLINGTON STORES, INC., a foreign corporation (hereinafter "BURLINGTON" or Defendant), files this Notice of Removal to remove the foregoing cause to the United States District Court for the Southern District of Florida, Miami Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.*

### II. BASIS FOR DIVERSITY JURISDICTION

1.  Plaintiff, Yamisleidis Figueroa Mora ("Plaintiff"), commenced this civil action in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida styled YAMISLEIDIS FIGUEROA MORA v. BURLINGTON STORES, INC., a foreign corporation, CASE NO. 19-023693 CA 01 (the "Action"). Attached hereto as Exhibit "1" is a copy of said Complaint.

2.  BURLINGTON was served with the Complaint on or about August 16, 2019. No other defendant exists or has been known to be served before said date or since. Attached hereto as part of Exhibit "1" is the proof of service of the Complaint.

3. While the Complaint is highly vague and ambiguous, this is an alleged personal injury case in which BURLINGTON is alleged to have been negligent because Plaintiff was allegedly injured when she somehow slipped and fell and that there was an unidentified "water or other transient liquids or substances" at an unspecified location of the BURLINGTON premises located at 590 NW 49th Street, Hialeah, Florida.[1] Subsequently, Plaintiff alleges a host of legal conclusions alleging that BURLINGTON somehow negligently permitted the aforementioned alleged dangerous and hazardous condition to remain upon the premises and failed to warn Plaintiff of the purported condition. It also alleges a claim for negligent mode of operation although the same has been abrogated by Florida Statute.

4. Undersigned counsel received a copy of said Complaint on August 20, 2019 and advised Plaintiff of Defendant's intention to remove this action on August 23, 2019. Undersigned counsel also prepared a Motion for Extension of Time to Respond to the Complaint citing how this case would be removed. Attached hereto as part of Exhibit "2." Undersigned counsel further prepared the proposed Joint Stipulation on Alleged Damages for signing by Plaintiff's counsel. Attached hereto as part of Exhibit "3" is the proposed Joint Stipulation of Alleged Damages for signing by Plaintiff's counsel. Plaintiff's counsel refused to execute the Joint Stipulation of Alleged Damages. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court.

5. Defendant BURLINGTON seeks removal to the Southern District of Florida, the District in which the action is now pending.

6. This Notice is filed within thirty (30) days of the date that BURLINGTON first received a copy of the Complaint and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

---

[1] Complaint, ¶¶ 3, 7 and 8.

7. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

8. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the 11th Judicial Circuit Court in and for Miami-Dade County, Florida as required by law.

9. Attached to this Notice as part of Exhibit "2" is a true and legible copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

10. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

11. The Complaint states only that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court. The damages available to Plaintiff if she prevails are not limited in any fashion, however. Plaintiff alleges that as a result of the alleged negligence, Plaintiff was suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, incurred expenses of hospitalization, medical, chiropractic and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition, disease or physical defect. Plaintiff further alleges that her losses are either permanent or continuing and that Plaintiff will suffer losses in the future.[2] Defendant has attached, as Exhibit "4", Plaintiff's redacted medical records demonstrating medical expenses and injuries supporting Plaintiff's alleged damages' claim in excess of $75,000.00. In summary, the limited medical records received to date indicate that Plaintiff allegedly sustained the following injuries as a result of the subject incident: (1) small septated ganglion cyst in the lateral fibers of the

---

[2] Complaint, ¶ 10.

radioscapholunate and radioscaphocapitate ligaments; (2) broad right paracentral disc herniation/protrusion impinging the ventral cord with unerlying annular tearing at C5-6, as well as shallow central disc herniation/protrusion deforming the ventral thecal sac at C6-7 and C7-T1; (3) hallow left paracentral disc herniation/protrusion that deforms the ventral thecal sac at T4-5, without canal stenosis or cord impingement; (4) diffuse thickening of the Achilles tendon compatible with tendinitis, high grade partial tearing of the distal posterior tibial tendon eblow the level of the medial malleolus, flatfoot deformity, severe talonavicular joint arthritis, and sprains of the anterior talofibular and deltoid ligament; (5) cervical discectomy and fusion at C5-6; and (6) right leg surgery. See Exhibit "4", redacted medical records.

12. Florida jury verdict searches, attached as Exhibit "5", for similar injuries consisting of disc herniation requiring spinal fusion and/or discectomy demonstrates that the verdict awards greatly exceed the amount in controversy requirement of $75,000.00. See *TRIANA vs. PALM BEACH COUNTY SHERIFF'S DEPARTMENT.*, Case No. 502003CA000898, Palm Beach County, 2005 (Plaintiff was awarded $361,271 for cervical and lumbar disc herniations requiring cervical fusion and potentially future lumbar fusion. The award included $24,800 in past pain and suffering; $120,450 in future pain and suffering and the remainder in economic damages; as well as $4 for loss of consortium); *JONES vs. CARNIVAL CORPORATION*, Case No. 04-CV-20407, S.D. Fla., 2006 (Plaintiff was awarded $140,000.00 for only a cervical fusion.); *BROWN V. KNOX*, Case No. 16-2007-CA-002674, Duval County, 2009 (Plaintiff was awarded $175,900.00 for cervical disc herniation requiring cervical fusion and resulting permanent injury.); and *MORAND vs. CARLI*, Case No. 01-06-CA-29-J, Alachua County, 2008 (Plaintiff was awarded $299,215.00 for a lumbar herniation, requiring surgery, and a torn meniscus also requiring surgery. The award included $160,000.00 for past pain and suffering and $41,760.00 for future pain and suffering). See attached Exhibit "5", jury verdict searches.

13. Additionally, Plaintiff's pre-suit demand of November 30, 2017, claims medical specials of $295,421.90 and contains a settlement demand of $1,000,000.00, and is further evidence that the $75,000.00 amount in controversy requirement is satisfied. *See* pre-suit demand letter attached as Exhibit "6".

14. Further, Plaintiff's counsel refused to execute a proposed Joint Stipulation of Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal. In short, based on these allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15. Plaintiff is a citizen and resident of Florida and the Defendant is a Delaware corporation with its principle place of business in New Jersey located at 2006 Route 130 North, Burlington, NJ 08016. Defendant is therefore a citizen of the State of New Jersey and Delaware for purposes of diversity jurisdiction.

16. Accordingly, there is complete diversity of citizenship between the actual and real parties and the requirements of 28 U.S.C. § 1441(b) have been met since Defendant is not a citizen of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction based upon diversity of citizenship.

### III. CONCLUSION

This Notice was filed within thirty (30) days of when the Defendant could first ascertain the amount in controversy exceeded the jurisdictional limit. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff is a citizen of Florida and Defendant is a citizen of New Jersey and Delaware. Accordingly, Defendant respectfully requests that this action proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq*., 28 U.S.C. § 1441, *et seq*, and 28 U.S.C. § 1446, *et seq*.

Respectfully submitted,

s/Michael Alexander Garcia
Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com

William A. Potucek
Fla. Bar No. 0100577
Email: wpotucek@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:   (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Michael Alexander Garcia
Michael Alexander Garcia

## SERVICE LIST

CASE NO.

Todd L. Baker, Esq.
Fla. Bar No. 8181
Steinger, Greene & Feiner, P.A.
2727 NW 62 Street
Fort Lauderdale, FL 33309
Telephone: (954) 491-7701
Facsimile: (954) 634-8316
tbaker@injurylawyers.com,
sslater@injurylawyers.com, and
mleventhal@injurylawyers.com