UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-23838-CIV-COOKE/GOODMAN

YAMISLEIDIS FIGUEROA MORA,

    Plaintiff,

v.

BURLINGTON STORES, INC.,

    Defendant.

_____/

**REPORT AND RECOMMENDATIONS ON DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S EXPERT WITNESSES AND PROHIBIT PLAINTIFF FROM PRESENTING EVIDENCE ON LOST WAGES AND FUTURE LOSS OF EARNING CAPACITY**

This case arises from a slip and fall alleged to have occurred on February 22, 2017. Plaintiff Yamisleidias Figueroa Mora was shopping at Defendant Burlington Stores, Inc.'s Hialeah location when she claims to have slipped in a puddle of water, which caused her to fall and sustain injuries. Plaintiff requests damages for medical expenses, lost wages, future medical care, and future loss of earning capacity, all based on the injuries allegedly suffered as a result of her incident at Defendant's store.

Defendant filed a motion to strike and/or limit the testimony of Plaintiff's three expert witnesses and to preclude Plaintiff from presenting evidence of past lost wages and future loss of earning capacity. [ECF No. 71]. Plaintiff filed a response [ECF No. 72]

and Defendant filed a reply [ECF No. 73]. United States District Judge Marcia G. Cooke referred the motion to the Undersigned for a Report and Recommendations. [ECF No. 76].

I.  **Background**

Plaintiff listed three expert witnesses in her Expert Disclosures, who are all categorized as Rule 26(a)(2)(C) witnesses: (1) Dr. Robert Getter, a neurosurgeon; (2) Dr. Alan MacGill, a podiatric foot and ankle surgeon; and (3) Dr. Geoffrey Tashjian, a radiologist. Plaintiff anticipates these experts will testify on issues such as causation, treatment provided, injury permanence, future medical care, and associated expenses. In Plaintiff's initial disclosure on January 10, 2020, she provided Dr. MacGill and Dr. Getter's names as potential witnesses, as well as a catch-all summary describing the nature of their relationship with Plaintiff. [ECF No. 7].

Following this disclosure, Plaintiff formally listed all three experts in her September 9, 2020 Expert Witness List. [ECF No. 18]. Beneath each witness' name, Plaintiff provided information about the witness' specialty and the nature of the expected testimony. *Id.*

The three expert witnesses listed by Plaintiff are expected to provide only medical testimony. Plaintiff has not listed an economist or any other witnesses qualified to opine about Plaintiff's future earning capacity and the impact any long-lasting injury could have on her future wages.

As detailed below, the Undersigned recommends **granting in part** and **denying in part** Defendant's motion.

II.   **Legal Standards**

   a. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26 imposes disclosure and discovery obligations on litigants in a lawsuit. *See generally* Fed. R. Civ. P. 26. Rule 26(a) governs required disclosures, which lists information that "a party must, without awaiting a discovery request, provide to the other parties." *Id*. One mandatory Rule 26 disclosure obligation imposed on a plaintiff is to provide:

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii).

If a party fails to abide by this disclosure requirement (or any other Rule 26 disclosure requirement), then, under Rule 37, the Court is permitted to prohibit the party from presenting evidence on that subject. *See City of Rome v. Hotels.com, L.P.*, 549 F. App'x 896, 905 (11th Cir. 2013) (affirming district court's exclusion of damages evidence for which the plaintiff failed to submit a proper Rule 26 disclosure). Specifically, Rule 37 states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness

3

>to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

"Federal Rule of Civil Procedure 26 requires a party to disclose 'the identity of any [expert] witness it may use at trial' and other information that varies depending on the expert." *Izquierdo v. Certain Underwriters at Lloyd's London*, No. 20-13772, 2021 WL 3197008, at *3 (11th Cir. July 29, 2021) (quoting Fed. R. Civ. P. 26(a)(2)(A)). The Rule imposes different disclosure obligations based on whether the expert "is one retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony." *Compare* Fed. R. Civ. P. 26(a)(2)(B) *with* Fed. R. Civ. P. 26(a)(2)(C). "If a party fails to properly disclose an expert witness under Rule 26(a), the party may not use the witness 'unless the failure was substantially justified or is harmless.'" *Izquiredo*, 2021 WL 3197008, at *3. (quoting Fed. R. Civ. P. 37(c)(1)).

In evaluating whether a failure is substantially justified or harmless, the court should consider "the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party if the witness [is] allowed to testify." *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008) (cleaned up). District courts are given "broad discretion" in managing pretrial discovery matters and may exclude a witness or impose less severe sanctions when warranted. *Long v. E. Coast Waffles, Inc.*, 762 F. App'x 869, 871 (11th Cir. 2019).

### III. Analysis

#### a. Plaintiff's Expert Witnesses

Defendant's argument in support of excluding the testimony of Plaintiff's expert witnesses is threefold and identical as applied to each witness: (1) Plaintiff's expert witnesses should be excluded because they were disclosed after the District Court's expert witness disclosure deadline had expired; (2) Plaintiff's expert witnesses should be prohibited "from testifying on causation, prognosis, and the future implications of Plaintiff's alleged injury, or otherwise providing opinions unrelated to the [witness'] treatment of Plaintiff" because Plaintiff did not turn over a Rule 26(a)(2)(B) expert report; and (3) even if Plaintiff's experts were not required to submit formal expert reports, they should be prohibited from offering "opinions on causation, prognosis, and/or future implications of the injury" because Plaintiff did not submit a proper Rule 26(a)(2)(C) summary.

#### i. Timing of Plaintiff's Expert Witness Disclosure

Defendant's argument on this issue is simple: Plaintiff disclosed her three expert witnesses after the expert witness disclosure deadline; therefore, all three witnesses should be excluded. The Scheduling Order required Plaintiff to submit her expert witness list to Defendant, "along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2)" by August 28, 2020. [ECF No. 8]. Plaintiff did not provide her expert witness list until September 9, 2020. [ECF No. 18]. According to Defendant, this discovery violation

5

justifies striking Plaintiff's experts.

Plaintiff does not offer any explanation for why she failed to timely submit the expert witness list. She notes, however, that exclusion of this evidence would render her unable to establish medical causation, a necessary component of negligence. [ECF No. 72].

The standard for determining the appropriate remedy for a disclosure deficiency is whether the deficiency was substantially justified or harmless. *Izquiredo*, 2021 WL 3197008, at *3. Generally, courts consider four factors when evaluating whether a party's failure to disclose is substantially justified or harmless: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Managed Care Sols., Inc. v. Essent Healthcare, Inc.*, No. 09-60351-CIV, 2010 WL 1837724, at *4 (S.D. Fla. May 3, 2010).

Despite Plaintiff's failure to offer a factor two explanation, factors one, three, and four all weigh in favor of denying Defendant's request to exclude Plaintiff's three experts based on the late disclosure. As Plaintiff argues, the testimony of the three experts is critical to her case (i.e., without it, her claims would likely fail as a matter of law). Second, Defendant has not put forth any argument as to how allowing this testimony, despite the ten-day disclosure delay, would cause it any prejudice. Finally, because there is no

currently scheduled trial date, Defendant has other available remedies (e.g., requesting discovery be reopened so that it may list a rebuttal expert or so that it may take the experts' depositions).

Therefore, the Undersigned **respectfully recommends** the District Court **deny** Defendant's request to exclude Plaintiff's experts based on the delayed disclosure.

ii. Sufficiency of Plaintiff's Expert Witness Disclosures

Defendant also seeks to strike or limit the testimony of Plaintiff's three treating physicians based on the following alternative arguments: (1) prohibit Plaintiff's experts from offering opinions on causation, prognosis, future medical treatment, permanency of injury, and future medical treatment because she did not provide a Rule 26(a)(2)(B) expert report; or (2) even if Plaintiff were not required to provide a Rule 26(a)(2)(B) expert report, her experts should still be prohibited from testifying on those topics because Plaintiff's Rule 26(a)(2)(C) disclosure is deficient.

Plaintiff, in turn, emphasizes that her three experts are all *treating* physicians who were not retained for purposes of litigation, which means she was not required to produce any Rule 26(a)(2)(B) expert reports. She also contends that her Rule 26(a)(2)(C) disclosures are sufficient. However, if the Court finds her disclosures to be insufficient, then Plaintiff requests an opportunity to remedy the deficiency in lieu of the testimony being stricken.

The distinction between expert witnesses who must provide a written report and

expert witnesses who do not need to provide a written report rests squarely on whether the witness has been **retained** by the litigant to provide expert testimony. *Compare* Fed. R. Civ. P. 26(a)(2)(B) *with* Fed. R. Civ. P. 26(a)(2)(C). Thus, Rule 26 does not require a non-retained treating physician -- even one who offers opinions on matters such as causation or future medical care -- to author a written expert report.

Defendant cites multiple cases which it claims support its contention that, in the Southern District of Florida, treating physicians testifying on matters outside the scope of their treatment and direct observations must provide an expert report. [ECF No. 71] (citing *In re Denture Cream Prod. Liab. Litig.*, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012); *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-Civ, 2013 WL 3850848 (S.D. Fla. July 26, 2013)). According to Defendant, this means that even if a treating physician is not retained for the purposes of offering expert testimony, the physician must author an expert report to testify on matters "unrelated to treatment." [ECF No. 71].

However, as comprehensively explained and analyzed by United States District Judge Roy K. Altman, "this artificial division—between opinions the treating physician formed during the course of treatment and opinions he formulated after—has no basis in law." *Torres v. Wal-Mart Stores E., L.P.*, No. 19-62352-CIV, 2021 WL 3634632, at *11 (S.D. Fla. Aug. 17, 2021). Rule 26's requirements are not concerned with the *nature* of the expert witness' testimony -- the concern is with only the *relationship* between the expert and the litigant.

Judge Altman elaborates on what this distinction means in the context of treating physicians:

> Under the text's ordinary meaning, then, we ask only whether the medical professional was "hired," "employed," or "engaged" to provide expert testimony in the case. *United States v. Lopez*, 590 F.3d 1238, 1248 (11th Cir. 2009) ("To ascertain ordinary meaning, courts often turn to dictionary definitions for guidance."). Experts who are so employed must supply a full written report; those who aren't can get by with only a summary. And, in the usual slip-and-fall case, the treating physician is involved in the litigation, not because he's been hired to provide testimony, but because he's been treating the plaintiff's injuries. In most cases, treating physicians are not, in other words, the classic "retained" expert—the kind that's hired to testify for (and can be fired by) the plaintiff's legal team.

*Id.* (internal footnotes omitted).

Here, Plaintiff's experts have not been hired to provide testimony; they have been hired to only treat Plaintiff's injuries. Thus, each of her experts are permitted to testify on any subject matter for which they are qualified without the requirement that the expert author a Rule 26(a)(2)(B) expert report.[1]

As Defendant's final argument in support of excluding or limiting the testimony of Plaintiff's three treating physicians, it argues that Plaintiff's Rule 26(a)(2)(C) summaries

---

[1] This is not to say that a non-retained treating physician can *never* be required to author a Rule 26(a)(2)(B) expert report. Rule 26(a)(2)(C)'s relaxed disclosure obligation can be altered when "stipulated or ordered by the court." Fed. R. Civ. P. 26(a)(2)(C). Therefore, if a Court were worried that an opposing party might be prejudiced by the lack of a more-fulsome expert report, then it could require the listing party's expert to author a report if her testimony were to delve into a topic where a report might normally be expected. In this case, though, Judge Cooke has not ordered the parties to abide by any requirement stricter than found in Rule 26. *See* ECF No. 8.

are deficient. Plaintiff takes the position that her disclosures were sufficient and, even if they were not, any deficiency is harmless because Defendant has access to her medical records and had the opportunity to take the depositions of the witnesses (but chose not to use this discovery tool). Plaintiff also makes a remedy-based argument and requests that the Court, instead of excluding a witness, permit her to cure the deficiency.

Plaintiff provided two expert disclosures in this case. Plaintiff provided her first disclosure on January 10, 2020:

> All medical providers listed will testify regarding their care and treatment as well as causation, permanency and prognosis of the Plaintiff, limitations and restrictions. They will testify regarding the reasonableness and the necessity of the Plaintiff's medical care up until the time of trial and the need for future medical care. They will testify as to the matters contained within their medical records as well as the Plaintiff's history, physical examination, and diagnostic tests as well as the cost for past and anticipated future medical care and treatment. NOTE: The listing of any of the treating physicians as "experts" is merely to indicate such physician has formed expert opinions as to the cause of injury and the permanency of said injury. Plaintiff's treating physicians are not "retained" and do not acquire their expert knowledge for the purpose of litigation, but rather simply in the course of treating their patient, YAMISLEIDIS FIGUEROA MORA.

[ECF No. 7]. Along with this disclosure, Plaintiff listed Drs. MacGill and Getter as potential witnesses. *Id.*

On September 9, 2020, Plaintiff provided her formal expert witness list and listed three treating physicians, each accompanied by a disclosure:

Dr. Robert Getter

Robert Getter is an [sic] neurosurgeon and will testify from medical and

10

healthcare records, including tests and films both before and after the subject incident, his personal involvement in the care and treatment of Plaintiff and anything else in his files. Robert Getter is expected to testify concerning his/her interaction with the Plaintiff, any conclusions, any treatment modalities provided, limitations, bills, and any recommendations and opinions regarding Plaintiff's future, including but not limited to worsening, accelerated degeneration and permanence of the injuries, the related future treatment, tests, medications, surgery, etc. and the costs associated with such. A copy of Robert Getter's CV has been requested and will be provided upon receipt.

Dr. Alan MacGill

Alan MacGill is an [sic] podiatric foot and ankle surgeon and will testify from medical and healthcare records, including tests and films both before and after the subject incident, his personal involvement in the care and treatment of Plaintiff and anything else in his files. Alan MacGill is expected to testify concerning his/her interaction with the Plaintiff, any conclusions, any treatment modalities provided, limitations, bills, and any recommendations and opinions regarding Plaintiff's future, including but not limited to worsening, accelerated degeneration and permanence of the injuries, the related future treatment, tests, medications, surgery, etc. and the costs associated with such. A copy of Alan MacGill's CV has been requested and will be provided upon receipt.

Dr. Geoffrey Tashjian

Geoffrey Tashjian is a radiologist and will testify from the MRI, CT, Xrays and other films and medical records both before and after the subject incident, personal involvement in the care and treatment of Plaintiff and from discovery in this matter. It is anticipated that Geoffrey Tashjian will testify that the Plaintiff sustained a permanent injury as a result of the accident which is the subject matter of this case. Geoffrey Tashjian is expected to testify concerning his interpretation of the aforementioned films and opinions regarding Plaintiff's future, including the necessity of future treatment and the costs associated with such. A copy of 's [sic] CV has been requested and will be provided upon receipt.

[ECF No. 18].

> Rule 26(a)(2)(C) states:
>
> Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).

Although Plaintiff's disclosures satisfy Rule 26(a)(2)(c)(i), they do not satisfy subsection (ii), which requires a summary of the facts and opinions to which the witness is expected to testify. Plaintiff attempts to support the sufficiency of her disclosures with United States District Court Judge Bloom's decision in *Powers v. Target Corp.*, No. 19-CV-60922, 2020 WL 1986968, at *3 (S.D. Fla. Apr. 27, 2020). In *Powers*, the Court stated,

> Dr. Das's and Dr. Shaya's "opinions will be based on [their] care and treatment of [Plaintiff]. [They] will offer observations, diagnoses, and conclusions regarding [Plaintiff's] medical status at the times [they] provided treatment to [Plaintiff], which are detailed [each doctors'] medical records," and they will testify about the injuries sustained by Plaintiff, their recommendations for treatment, the degree of permanency of the injuries sustained, complications and future medical treatment associated with Plaintiff's injuries, the limitations imposed on Plaintiff, and the other issues associated with his injuries. Dr. Das and Dr. Shaya "will also discuss the causal relationship between the injuries sustained and the subject slip and fall incident of March 26, 2017.... [and] will rely on [their] medical education, experience and training, medical examinations, prior medical records reviewed and treatment of [Plaintiff]."

*Id.* at *3 (internal citations omitted).

The ruling in *Powers*, however, was not based on an argument that the disclosure was deficient under Rule 26(a)(2)(C); the only argument raised by the defendant -- and the only issue addressed by the Court -- was whether the plaintiff's witnesses needed to provide Rule 26(a)(2)(B) expert reports. *Id.* Moreover, the ruling was without prejudice, which left the defendant the opportunity to raise additional objections to the testimony at trial. *Id.*

Unlike the *Power's* defendant, this defendant raised a sufficiency argument, and the similarity in each witness' "summary of facts and opinions" by itself provides grounds to conclude that Plaintiff's disclosures are deficient. By way of example, despite the fact that Dr. Getter is a neurosurgeon (who will presumably testify about brain-related trauma) and Dr. MacGill is a podiatric and ankle surgeon (who will presumably testify about foot related trauma) -- the summaries of their facts and opinions are *identical*. Similarly, although the summary of Dr. Tashjian's is not a verbatim recitation -- as is the case with Drs. MacGill and Getter -- it is identical in substance. At bottom, Plaintiff has provided Defendant with no meaningful or distinguishing information in her disclosure beyond the specialty of the individual treating physicians.

Courts routinely find similar disclosures to be insufficient. *See, e.g., Jaworek v. Mohave Trans. Ins. Co.*, 19-cv-820-wmc, 2020 WL 3425116, at *2 (W.D. Wis. June 23, 2020) (initial disclosure that experts "will testify regarding [plaintiff]'s medical history, his injuries, and the care, costs and treatment provided," and "opine as to causation,

13

permanency, future treatment, and reasonableness of medical treatment" was insufficient); *Small v. Amgen, Inc.*, No. 12-cv-476, 2017 WL 5443912 (M.D. Fla. Feb. 15, 2017) (the disclosure was deficient because it simply stated that the expert "will discuss [his/her] medical records providing treatment to [plaintiff]," the relationship between the medication and plaintiff's infections, and plaintiff's injuries); *Torres v. Walmart Stores East, L.P.*, No. 16-60984, 2017 WL 8780915, at *2 (S.D. Fla. June 9, 2017) (holding that disclosure was deficient where it stated that treating physician will testify as to "the opinions he formed in regard to [plaintiff's] medical condition" and "diagnostic impressions" made); *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 11-cv-01094, 2013 WL 1189493, at *6 (N.D. Ga. Jan. 7, 2021) (concluding disclosures provided subject matter of testimony, but not the opinions).

Plaintiff also argues that Defendant should be well aware of what her experts will testify to because "Defendants [sic] have, and have had, access to full sets of medical records." [ECF No. 72]. This does not cure the deficiency in Plaintiff's disclosure:

> [T]he fact that plaintiff provided all his medical records to the defendants does not mean that plaintiff has fulfilled the "summary of the facts and opinions" prong of Rule 26(a)(2)(C). Allowing medical records to be submitted "in lieu of a summary would invite a party to dump voluminous medical records on the opposing party, contrary to the rule's attempt to extract a 'summary.'" *Ballinger v. Casey's Gen. Store, Inc.*, No. 1:10–cv–1439–JMS–TAB, 2012 WL 1099823, at *4 (S.D. Ind. Mar. 29, 2012) (Baker, Mag. J.).

*Kondragunta*, 2013 WL 1189493, at *6.

Moreover, Defendant argues that Plaintiff's disclosures indicate the doctors may

be relying on records not disclosed in discovery. Specifically, although Dr. Tashjian will purportedly be relying on MRIs, CTs, X-rays, and other films, Defendant claims that "Plaintiff has failed to produce a single MRI, CT, X-ray or other film." [ECF No. 73]. Additionally, Defendant claims that Plaintiff has not produced a single medical record for "treatment purportedly received by Plaintiff prior to the date of loss" despite the fact that "Plaintiff admitted she had prior foot surgeries and other treatment." *Id.*

Despite the glaring deficiencies in Plaintiff's notice, striking the witness is too punishing a remedy. As Plaintiff has argued, these witnesses are critical to her case. Defendant has also failed to allege what prejudice it has suffered based on Plaintiff's failure to provide a proper disclosure. Understandably, it is difficult for Defendant to articulate prejudice when it does not know the actual facts and opinions of the witnesses. If one of the witnesses, for example, opines that Plaintiff's injuries are fabricated and the other doctors inflated their bills, then Defendant might withdraw its objection to that witness. But that is an extreme and unlikely illustration. If the summary of the facts and opinions offers something new or inconsistent with what Defendant anticipates, then it might be able to establish prejudice.

Therefore, the Undersigned **respectfully recommends** the District Court **deny without prejudice** Defendant's request to strike or limit the testimony of Plaintiff's three treating physicians and, instead, require Plaintiff to provide supplemental disclosures within two weeks of the ruling on this issue. The disclosures must state *with specificity* the

alleged injury or injuries the expert will be discussing, the basis for determining the injury was caused by the accident with specific citations to the medical records used to reach the conclusion, what treatments have been performed and the cost of the treatment, what type of future medical treatment is going to be necessary, how long future medical treatment will be necessary, and the expected cost of the future medical treatment. Additionally, Plaintiff should be ordered to provide all medical records to Defendant upon which the experts relied in reaching any conclusion. Defendant should also be given an additional two weeks to take the depositions of the experts after the disclosure deadline has passed.

### b. Damages

Defendant next asks this Court to prohibit Plaintiff from presenting evidence or argument for past lost wages and compensation and future loss of earning capacity. According to Defendant, the Court should grant its request because: (1) Plaintiff has failed to provide the required computation under Federal Rule of Civil Procedure 26(a)(1)(A)(iii); (2) Plaintiff has failed to list an economist or other expert qualified to testify on the topic; (3) Plaintiff has failed to provide all the required necessary documents in discovery (i.e., full tax returns for the relevant years); and (4) during Plaintiff's deposition, she admitted she had not done any calculations about her lost wages.

Plaintiff did not offer any counterarguments or justifications in her response. In fact, she made no mention of this request by Defendant in her response at all. Because of

this, Plaintiff effectively concedes Defendant's request should be granted.

Failure to respond to a motion or argument "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c). "'The premise of our adversarial system is that . . . courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them.'" *Brady v. Medtronic, Inc.*, No. 13-CV-62199-RNS, 2014 WL 1377830, at *6 (S.D. Fla. Apr. 8, 2014) (quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983)). A "litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (internal quotation marks omitted).

On its face, Defendant's request has merit. The Court is permitted to prohibit a party from presenting evidence on damages not properly disclosed under Rule 26. *See City of Rome v. Hotels.com, L.P.*, 549 F. App'x 896, 905 (11th Cir. 2013) (affirming district court's exclusion of damages evidence for which the plaintiff failed to submit a proper Rule 26 disclosure). The burden is on Plaintiff to explain why this failure is substantially justified or harmless. *See RLI Ins. Co. v. Alfonso*, 2021 WL 430720, at *9–10 (S.D. Fla. Feb. 8, 2021) (explaining that non-disclosure under Rule 26 must be substantially justified or harmless and noting that the burden of showing substantial justification or harmlessness is on the non-disclosing party). By not responding to Defendant's argument, Plaintiff has

17

failed to meet this burden.

For these reasons, the Undersigned **respectfully recommends** the District Court **grant** Defendant's request and prohibit Plaintiff from presenting any evidence or argument concerning past lost wages and future loss of earning capacity.

### IV. Conclusion

For the reasons discussed above the Undersigned **respectfully recommends** that the District Court **deny without prejudice** Defendant's request to strike the testimony of Plaintiff's three treating physicians and require Plaintiff within two weeks of any Order adopting this recommendation to provide supplemental disclosures. The disclosures must state with specificity the alleged injury or injuries the expert will be discussing, the basis for determining the injury was caused by the accident with specific citations to the medical records utilized to reach the conclusion, what treatments have been performed and the cost of the treatment, what type of future medical treatment is going to be necessary, how long future medical treatment will be necessary, and the expected cost of the future medical treatment.

Additionally, Plaintiff should be ordered to provide to Defendant all medical records upon which the experts relied in reaching any conclusion. Defendant should also be given an additional two weeks to take the depositions of the experts after the disclosure deadline has passed.

The Undersigned also **respectfully recommends** that the District Court **grant**

Defendant's request and prohibit Plaintiff from presenting any evidence or argument concerning past lost wages and future loss of earning capacity.

V. **Objections**

The parties will have fourteen (14) days from the date of this Report and Recommendations within which to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within seven (7) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interests of justice. *See* 29 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND ORDERED** in Chambers, in Miami, Florida, on February 10, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record